■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM S. NAPPO, WILLIAM K. NAPPO, JOSEPH FORTUNA, RICHARD FERRARA, and JOHN ROCCO, Respondents, et al., Defendants. [690 NYS2d 649] —Appeal by the People from so much of an order of the County Court, Suffolk County (Vaughn, J.), dated January 9, 1998, as granted those branches of the respondents' motion which were to dismiss counts one, two, and three of the indictment.

Ordered that the order is modified by deleting the provision thereof granting those branches of the respondents' motion which were to dismiss counts two and three of the indictment and substituting therefor a provision denying those branches of the respondents' motion; as so modified, the order is affirmed

insofar as appealed from, and counts two and three of the indictment are reinstated.

The respondents were indicted for, *inter alia*, enterprise corruption, conspiracy in the fourth degree, and grand larceny in the first degree in connection with their alleged involvement in a scheme to import motor fuel from New Jersey to New York without filing reports or paying taxes as required by the New York Tax Law.

The Grand Jury evidence is insufficient to establish that the respondents engaged in any structure, business, activity, or continuity of criminal purpose beyond the scope of the criminal incidents alleged in the indictment. Thus, the respondents were not engaged in a criminal enterprise as defined by the enterprise corruption statute (*see,* Penal Law § 460.10 [3]). In addition, the Grand Jury evidence was insufficient to establish that the respondents had engaged in a pattern of criminal activity as defined by the enterprise corruption statute (*see,* Penal Law § 460.10 [4]; § 460.20 [2]). Accordingly, the County Court properly dismissed count one of the indictment.

The Grand Jury evidence is sufficient to establish a prima facie case that the respondents withheld property from its rightful owner, i.e., the State of New York, as defined by the Penal Law (*see,* Penal Law §§ 155.05, 155.42). Accordingly, counts two and three of the indictment should not have been dismissed. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.